UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 16-23530-CIV-MORENO

STEPHEN DIRSE and JULIE DIRSE,

    Plaintiffs,

vs.

RENT-A-CENTER EAST, INC,

    Defendant.

_____/

### ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon Defendant's Motion to Compel Binding Arbitration and Dismiss, or in the Alternative, Stay Case **(D.E. 8)**, filed on **August 23, 2016**.

THE COURT has considered the motion, the the response in opposition, the reply in support, pertinent portions of the record, and is fully advised in the premises. It is

**ORDERED AND ADJUDGED** that the motion to compel arbitration is **GRANTED** for the reasons stated in this Order.

### I.   BACKGROUND

Plaintiffs Julie Dirse and Stephen Dirse allege four counts against Defendant Rent-A-Center East, Inc. The four counts consist of the following: negligence against Defendant by Plaintiff Julie Dirse (Count 1), negligence against Defendant by Plaintiff Stephen Dirse (Count 2), loss of consortium against Defendant by Plaintiff Julie Dirse (Count 3), and loss of consortium against Defendant by Plaintiff Stephen Dirse (Count 4).

Plaintiffs allege that they were injured when their bed—rented, installed, and assembled by Defendant—collapsed on at least two occasions. In response, Defendant moves to compel

arbitration on the entire complaint and moves the Court to dismiss or to stay judicial proceedings in this Cause. Specifically, Defendant asserts that the Parties executed a rental agreement that contained an arbitration provision that states, in relevant part, as follows:

> **PLEASE READ THIS ARBITRATION AGREEMENT, IT IS BINDING AND ENFORCEABLE UNLESS YOU SEND A REJECTION NOTICE, AS SET OUT IN PARAGRAPH (A) BELOW.**
>
> This Arbitration Agreement ("Agreement") is between and the Consumer. As used in this Agreement, the term "Consumer" or "Consumers" mean the customers who sign this Agreement. . . Except as otherwise provided in this Agreement, you and [Rent-A-Center] hereby agree that, in the event of any dispute or claim between us, either you or [Rent-A-Center] may elect to have that dispute or claim resolved by binding arbitration on an individual basis in accordance with the terms and procedures set forth in this Agreement.
>
> **(A) Your Right to Reject: If you want to reject this Arbitration Agreement, you must send a written Rejection Notice, by certified mail, return receipt requested, to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Piano TX 75024-5837.**
>
> **(B) What Claims Are Covered:** You and [Rent-A-Center] agree that, in any dispute or claim between us, either you or [Rent-A-Center] may elect to have that dispute or claim resolved by binding arbitration. This agreement to arbitrate is intended to be interpreted as broadly as the [Federal Arbitration Act] allows. Claims subject to arbitration include, but are not limited to:
> - claims arising under, arising out of, or relating in any way to any Consumer Contract entered into between you and [Rent-A-Center] at any time, and/or any services rendered under or that relate to any such Consumer Contract.

(D.E. 8-3 at 1) (emphasis in original) (alterations).

## II. JURSIDICTION AND VENUE

Plaintiffs filed their Complaint in the Eleventh Judicial Circuit, Miami-Dade County, Florida. Defendant then filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The power to decide cases between citizens of different states is derived from Article III of the United States Constitution. *See* U.S. Const. art. III, § 2. However, Congress limited

the scope of lower federal court diversity jurisdiction by requiring the parties to the litigation to have a minimum monetary amount in controversy. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299-300 (11th Cir. 2001); *Snyder v. Harris*, 394 U.S. 332, 334 (1969). Section 1332 of the United States Code provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Defendants allege, and Plaintiffs do not dispute, that Plaintiffs are residents of the state of Florida and that Defendant, a corporation organized and existing under the laws of the state of Texas with its principle place of business in the state of Texas, is a citizen of the state of Texas. Further Defendant asserts, and Plaintiff does not dispute, that based on the damages alleged in each of the four counts and the nature of the allegations, the amount in controversy in this litigation exceeds $75,000. Thus, the Court finds that removal in this case is permissible and that the court has jurisdiction over this case. Accordingly, the Court finds that the Miami Division of the Southern District of Florida is proper venue for this case. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

### III.  LEGAL STANDARD AND LEGAL ANALYSIS

Plaintiff argues that the parties did not agree to arbitrate. In the state of Florida, "[t]hree factors must be considered before a trial court may grant a motion to compel arbitration: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)). The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Keeping with this policy, the Supreme Court has mandated that "any doubts concerning

the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *MS Dealer Servs. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). As such, "a party resisting arbitration bears the burden of providing that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000). However, "[a] party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists. Rather, that party must substantiate the denial of the contract with enough evidence to make the denial colorable." *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 855 (11th Cir. 1992). The Court addresses each Plaintiff in turn.

### A. Plaintiff Julie Dirse

Plaintiff Julie Dirse concedes that she "entered in a contract to rent a bedframe and a mattress from Defendant." D.E. 9 ¶ 1. Further, Plaintiff Julie Dirse alleges that "[a]s a result of [the collapsing bed], and of the negligent way the Defendant had assembled the rented bed, both plaintiffs sustained serious and permanent injuries. *See* D.E. 9 ¶¶ 4–5. The record reflects, and Plaintiff Julie Dirse does not deny, Plaintiff endorsed the arbitration provision. *See* D.E. 9 at 22. In response, Defendant asserts that the "Consumer Arbitration Agreement states: You and [Rent-A-Center] agree that, in the event of **any dispute or claim between** us, either you or [Rent-A-Center] may elect to have that dispute or claim resolved by binding arbitration." D.E. 8 ¶ 7 (citing Consumer Arbitration Agreement, Sect. "(B)." In light of Plaintiff Julie Dirse's admission, the language of the arbitration provision, and the strong federal policy in favor of enforcing arbitration, the Court finds that an arbitration agreement between Plaintiff Julie Dirse and Defendant exists, that an arbitrable issue between the parties exists, and that the right to arbitration has not been waived. Thus, the Court finds that the arbitration provision as to

Plaintiff Julie Dirse is binding. *Seifert*, 750 So. 2d at 636; *Dean Witter Reynolds, Inc.*, 470 U.S. at 217; *Green Tree Fin. Corp. Ala.*, 531 U.S. at 91; Chastain, 957 F.2d at 855.

### B. Plaintiff Stephen Dirse

Plaintiff Stephen Dirse asserts that he is not bound by the arbitration provision because he did not sign the contract. Specifically, Plaintiff Stephen Dirse asserts that "although the Rental-Purchase Agreement, indicates both Plaintiffs as Lessees, the only signature for the Lessee appears to be JULIE DIRSE's, while **STEPHEN DIRSE did not sign the contract**" and that the "Consumer Arbitration Agreement, which was incorporated in and executed with the Rental-Purchase Agreement, does not include any signature from STEPHEN DIRSE." *See* D.E. 9 at ¶¶ 16-18. (emphasis in original) (internal quotations omitted). As such, Plaintiff Stephen Dirse argues that his claims "are not governed by the arbitration agreement." D.E. 9 ¶ 19.

In reply, Defendant asserts that both Plaintiffs are bound by the contract's arbitration provision. Defendant relies, in part, on *Kong v. Allied Professional Insurance Co.*, 750 F.3d 1295, 1302 (11th Cir. 2014), for the proposition that Plaintiff Dirse—a nonsignatory to the arbitration agreement—is nonetheless bound by the arbitration provision because he "received something more than an incidental or consequential benefit of the contract." *Kong*, at 1302. The *Kong*, court relied heavily on the reasoning prescribed in *Germann v. Age Inst. of Fla., Inc.*, 912 So. 2d 590, 592 (Fla. 2d DCA 2005). In *Germann*, the defendant asserted that claims brought by the personal representative of the decedent's estate were governed by an arbitration provision contained within the contract because the decedent was a third-party beneficiary of a contract. *See Id* at 590. The *Germann* court examined two criteria for which the claims of the decedent's estate could be bound by an arbitration provision: (1) if the decedent received something more than an incidental benefit as a result of the contract or (2) if the decedent was an intended third-party beneficiary of the contract. *Id.* (internal quotations omitted. Here, Defendant asserts that

5

"the premise of this entire action is injury to both Plaintiffs resulting from use, on at least two occasions, of a bed rented to them by RENT-A-CENTER. As such, both Plaintiffs must acknowledge that they received a benefit from the rental." D.E. 12 ¶ 8. The Court agrees and finds Plaintiff Stephen Dirse's arguments unavailing in light of the facts presented and the strong federal policy in favor of enforcing arbitration agreements. *Dean Witter Reynolds, Inc.*, 470 U.S. at 217; *Green Tree Fin. Corp. Ala.*, 531 U.S. at 91; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *Franklin*, 177 F.3d at 947. Thus, the Court finds that Plaintiff Stephen Dirse received something more than an incidental benefit as a result of Plaintiff Julie Dirse's contact with Defendant for the rented bed and that Plaintiff Stephen Dirse was an intended third-party beneficiary of the bed renal contract. *Kong*, 750 F.3d at 1302; *Germann*, 912 So. 2d at 592; *Chastain*, 957 F.2d at 855.

### IV.  CONCLUSION

For the reasons stated, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Binding Arbitration is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that all pending motions are **DENIED AS MOOT** and the above-styled Cause is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27 of October 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record